UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America_____ )
                                                    )     Crim. No. 06-0094-02 (RBW)
                v.                    )
Juan Vasquez, a.k.a. Felipe Delarosa,    )
_____Defendant_____ )

MEMORANDUM IN AID OF SENTENCING

Defendant, through counsel appointed by this Court under the Criminal Justice Act, hereby submits this Memorandum in Aid of Sentencing.

The parties do not dispute the correctness of the range of **24-30 months** under the U.S. Sentencing Guidelines, now advisory per the opinion of *United States v. Booker,* 543 U.S. 220 (2005), representing defendant's adjusted offense level **17** and criminal history category **I**. Moreover, it is the government's position, memorialized in the written plea agreement that the parties executed and which the Court accepted, that the Court should sentence defendant to the low end (i.e., 24 months) of the guidelines range.

Defendant is free under the agreement to request a post-*Booker* deviation from the guidelines. Defendant recognizes that, even under *Booker*, trial courts must give consideration to the guideline sentencing range which applies to a defendant's case. *See* 18 U.S.C. §3553(a)(4). Federal sentencing is governed by 18 U.S.C. §3553(a), which states that the district courts "shall consider" several sentencing factors.

In the absence of dispute over much of the decision which this Court faces, defendant requests two allowances, based on a sentence of 24 months. First, that the Court give defendant credit for the time he served from Jan. 22, 2006, the date of his arrest in the instant case, until his initial appearance on March 6, 2006, before Magistrate

Judge John Facciola on the charge of Illegal Reëntry following Deportation (8 U.S.C. §1326(a)), in a holding facility in Annandale, VA., of the Immigrations and Customs Enforcement ("ICE") agency of the U.S. Department of Homeland Security. This amounts to approximately **43** days of detention. It represents almost two months of jail time when one considers that defendant receive from the Bureau of Prisons a 15% credit for statutory good time. It is not likely that on its own the Bureau of Prisons would award defendant credit for that time when computing defendant's release date.

Second, defendant requests that the Court reduce defendant's sentence by 2.4 months, or by 72 days, representing a 10% reduction in the 24 months defendant faces at the low end of the guideline range.[1] The Court has the authority to make this reduction in cases involving deportable aliens such as Mr. Vasquez. This reduction would make possible defendant's reintroduction into the community and possibly help ameliorate the conditions to which defendant attributes his recent illegal reentry following removal and his criminal conduct—the extreme impoverishment he says he has experienced in his native Mexico and the despair he feels over his inability to provide sufficiently for his family.

Finally, defendant requests that the Court recommend to the Bureau of Prisons his placement in an correctional institution as close as possible to his family (which lives in Mexico City) in order to facilitate family visits.

Respectfully submitted,
/s/

NATHAN I. SILVER/#944314
Attorney for Juan Vasquez

---

[1] The credit may be for up to 6 (six) months, but for no more than 10% of a defendant's overall sentence. *See* 18 U.S.C. §3624(c); *see also United States. v. Renford Smith,* 27 F.3d 649 (D.C. Cir. 1994).

P.O. Box 5757  
Bethesda MD 20824-5757  
(301) 229-0189 (voice & fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion has been served this 3rd day of August, 2006, upon Fred Yette, Esq., assistant U.S. Attorney, National Security Section (U.S. District Court), U.S. Attorney's Office, 555 4th St. NW, Washington DC 20530, and upon all related parties by electronic transmission under the Electronic Court Filing system.

/s/
_____
*Nathan I. Silver*