IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. :  06-94 (RBW)** |
| | : | |
| v. | : | |
| | : | |
| **JUAN M. VASQUEZ,** | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this memorandum to aid the Court in its sentencing decision.  For the reasons explained below, the government urges the Court to impose a sentence that falls at the low end of the Sentencing Guideline range of 24 to 30 months. The government's reasoning for this request is explained below.

On October 23, 2006, the defendant pleaded guilty to Conspiracy to Possess False Immigration Documents and and Unlawful Reentry of a Removed Alien, pursuant to a written plea agreement.  Based on his criminal history and the offenses to which he pleaded guilty, the Sentencing Guidelines call for a sentence of imprisonment in the range of 24 to 30 months.  The government agreed in the written plea agreement that it would recommend that the defendant be sentenced at the low end of the applicable guideline range.

The defendant is now seeking a sentence lower than the applicable guideline range in order to take into account the time he spent in administrative custody with U.S. Immigration and Customs

Enforcement ("ICE") (approximately 43 days) before being charged in this criminal case, and for reasons recognized in U.S. v. Smith, 27 F.3d 649 (D.C. Cir. 1994), *i.e.*, because he is an illegal alien he will not be released into the community before the end of his sentence and he may not be able to participate in certain programs while in prison.

The government does not believe the defendant's sentence should be lower than the 24 months called for by the Sentencing Guidelines. First, the Court should permit the Bureau of Prisons to calculate the number of days the defendant should be credited toward his sentence rather than performing that task. The defendant's initial detention by ICE occurred because he is present in the United States illegally. Therefore he was arrested for a legitimate administrative reason and there is no requirement that he receive credit for the time he served in administrative custody prior to his arrest for criminal offenses. See U.S. v. Drummond, 240 F.3d 1333, 1335 ((11th Cir. 2001)("detentions [by ICE] preceding deportation are civil in nature and do not trigger rights under the Speedy Trial Act").

The defendant cites U.S. v. Smith, 27 F.3d 649 (D.C. Cir. 1994), in support of his request for a more lenient sentence than that called for by the Sentencing Guidelines. However, he is not deserving of a lighter sentence simply because of his status as an illegal alien, especially since he has repeatedly entered the U.S. in violation of federal law. Indeed, in U.S. v. Olivares, 2006 WL 3716597 at *5 (D.C. Cir. Dec. 19, 2006), the Court explained:

> The court [in U.S. v. Smith] emphasized, however, that a finding that an individual's deportable alien status would likely 'lead to worse conditions' was insufficient to justify a departure. . . . Instead, a court should only depart if it is 'persuaded that the greater severity is undeserved' [citations omitted].

In this instance, given the defendant's criminal history – that is, his prior conviction for the

possession of illegal identity documents -- and his repeated illegal reentry into the U.S., the government is not persuaded that it is an undeserved circumstance that defendant Vasquez cannot participate in certain prison programs or benefits because he is in the U.S. illegally. Therefore, the government opposes a reduction in his sentence based on the Smith case.

As the Supreme Court instructed in U.S. v. Booker, 125 S.Ct. 738 (2005), the sentencing court should consult the sentencing range established by the Sentencing Guidelines in determining an appropriate sentence. The sentencing court must also consider the sentencing factors described in 18 U.S.C. § 3553(a). Consideration of the Sentencing Guidelines, sentencing factors and the defendant's criminal history – including the instant offenses -- convince the government that the sentencing range of 24 to 30 months is appropriate and reasonable for this defendant. See U.S. v. Olivares, 2006 WL 3716597 at *2 (D.C. Cir. Dec. 19, 2006)("In *Booker*, the Supreme Court . . . instructed that sentences shall be reviewed for reasonableness.").

First, it cannot be overlooked that the defendant's criminal conduct in this case was not insignificant. The defendant conspired to possess fraudulent identity documents that he intended to sell to other individuals. Selling fake identification documents to individuals can lead to other criminal activity. For example, many people who buy the documents are present in the U.S. illegally, and may use the documents to help obtain employment to which they are not entitled under U.S. law. Many of the fake identity cards contain real social security numbers or other identifying numbers that belong to U.S. citizens, whose identifying numbers may then be used to obtain financial credit that may eventually wreak havoc in the unsuspecting citizens' lives. Identity fraud and its criminal and financial consequences have become major problems in this society.

Selling fake identity documents on Columbia Road, N.W., in Washington, D.C., has become

a major criminal industry, and a lucrative one. That is apparent because individuals, particularly those who are present in the U.S. illegally, continue to flock to that area to sell illegal identity documents. The fact that the vendors seek to send much of their earnings overseas to their families does not justify their presence here or their illegal methods of earning a living. A sentence that appears to be a slap on the wrist will not deter this defendant or others from selling illegal identity documents. Thus, a fairly lengthy sentence will help deter others from engaging in similar criminal activity and protect the public from defendant Vasquez's participation in the illegal document industry.

Furthermore, the defendant has returned to the U.S. in knowing violation of the law. A relatively long sentence of 24 months will help promote respect for the criminal laws of this country and provide just punishment for an individual who simply ignores the need to enter this country in a legal manner.

WHEREFORE, the government requests that the Court impose a sentence that is at the lower end of the sentencing guideline range of 24 to 30 months.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By: _____
Frederick Yette, DC Bar # 385391
Assistant U.S. Attorney
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-1666
Frederick.Yette@usdoj.gov